IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:04CV145-MU

| | |
|---|---|
| BACE INTERNATIONAL, INC., STAFFAMERICA, INC., and WILLIAM L BAUMGARDNER, JR., | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ORDER ) |
| BRENTWOOD CAPITAL CORPORATION, CERTIFIED SERVICES, INC, THE CURA GROUP, INC., THE CURA GROUP II, INC., LEVY BOONSHOFT & SPINELLI, P.C., MIDWEST MERGER MANAGEMENT, LLC, DANNY L. PIXLER, W. ANTHONY HUFF, O. RAY MCCARTHA and IVAN DOBRIN, | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

This matter is before the court upon Defendant Levy Boonshoft & Spinelli, P.C.'s ("LBS") Motion to Dismiss the claims against them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Document # 12) Plaintiffs have filed a response in opposition and LBS filed a reply brief. Thus, this matter is ripe for disposition.

Plaintiffs have voluntarily dismissed Counts Three, Six, Ten, Twelve and Thirteen of the Verified Complaint as against LBS. Thus, only Counts One, Two, Four, Five, Seven, Nine and Eleven remain. These Counts all allege Fraud and Unfair and Deceptive Trade Practices (except for the alternative Count Eleven for quantum meruit regarding the sale of BACE's PEO operations).

A district court should not grant a motion to dismiss under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Moreover, all well-pleaded factual allegations are assumed to be true and are viewed in the light most favorable to the plaintiff. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). Thus, Plaintiffs herein are entitled to the benefit of all reasonable inferences that can be drawn from their allegations.

The court has reviewed the allegations in the Verified Complaint and, taking the allegations as true and viewing them in the light most favorable to the Plaintiffs, it appears to the court that the Plaintiffs have made allegations as to LBS sufficient to survive a motion a dismiss. Accordingly, LBS's motion will be denied.

Although the parties filed a certificate of initial attorneys' conference and discovery plan back in October of 2004, the court recognizes that many events have occurred since that time that may have an effect on the previously agreed upon discovery schedule. Therefore, the court directs the parties to confer and file an amended certificate of IAC and discovery plan.

IT IS THEREFORE ORDERED that the Motion to Dismiss pursuant to Rule 12(b)(6) (document # 12) is hereby DENIED;

IT IS FURTHER ORDERED that the parties are hereby directed to confer forthwith and file their amended certificate of initial attorneys' conference and discovery plan with the court.

Signed: August 24, 2006

Graham C. Mullen
United States District Judge